STATE, EX REL. B. K. BUSHEE, RELATOR, V. WILLIAM G. WHITMORE ET AL., RESPONDENTS.

FILED MARCH 28, 1910.   No. 16,427.

REHEARING of case reported in 85 Neb. 566. *Judgment modified.*

ROOT, J.

The state treasurer and the respondents request us to make our opinion more definite and certain. The only brief filed in support of the application was prepared by the respondents, and a considerable part of their argument is devoted to the proposition that experimental stations ought not to be considered in connection with the college of agriculture. The argument is not without merit, but should be presented to the legislature rather than to this court. We reiterate that the subject of education has been delegated to the legislative branch of the government, and the maintenance of the stations under consideration is not so foreign to the subject of education as to justify the courts in sustaining the respondents in refusing to obey the legislative will. It is suggested that the regents and the treasurer do not agree concerning the fund out of which the appropriations for these stations should be paid. The respondents argue that the money should not be taken from the 95 per cent. of the 1 mill levy appropriated by chapter 192, laws 1909, and that since the legislature in the general appropriation bill sought to relieve the temporary university fund of the

burden of these appropriations, and the governor frustrated that intent by vetoing these items in the general appropriation bill, we ought to hold that the appropriations should be paid from the remaining 5 per cent. of the 1 mill levy.

It will be observed that the legislature has made most of its appropriations for the use of the university so as not to hamper the regents in maintaining that institution. But in the matter of installing and maintaining these stations, the regents are not vested with discretion, except that they need not expend the $20,000 appropriated if a smaller amount will carry out the purpose of the legislature. It is true that the legislature attempted to relieve the temporary university fund from the burden of these appropriations, but the legislature knew it was within the power of the governor to veto the items in the general apropriation fund for the benefit of the experimental stations, and, with that knowledge, did not amend chapters 143 and 144, laws 1909, so as to exclude the appropriations therefrom. It would seem, therefore, that the legislature intended the appropriations to be paid from the temporary university fund, if the governor was not willing that they should be paid from the general fund.

The 1 mill levy, although a part of the temporary university fund, may not be expended unless appropriated by the legislature. The appropriation of 95 per cent. of that levy by chapter 192, *supra,* made available for the purposes expressed in that law, a sum of money equal to 95 per cent. of said levy. Chapters 143 and 144, *supra,* set apart from the temporary fund $20,000, or so much of that sum as may be necessary to carry out the purposes of the legislature as expressed therein. Chapter 192 places at the disposal of the regents the money thereby appropriated, and they are vested with considerable discretion in its application. Chapters 143 and 144 not only place money in the temporary fund at the disposal of the regents, but direct its expenditure so far as may be

necessary to install and maintain the experimental stations. So it seems to us the appropriations made by chapters 143 and 144 should be preferred to those upon the same fund and couched in general terms; that the appropriations made by chapters 143 and 144 should be charged against the temporary fund, and not against any particular part thereof.

Our opinion is modified to conform to this memorandum.

JUDGMENT MODIFIED.